**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| BETTY B. WHITEHEAD, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 3:25-cv-00178-TES |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| | : | |
| Defendant. | : | |

---

**CONSENT PROTECTIVE ORDER**

---

Good cause appearing therefore, the undersigned, The Honorable Tilman E. Self, III, United States District Court for the Middle District of Georgia hereby orders as set forth below.

**Designation of Confidential Materials**

1. Plaintiff and Defendant State Farm Casualty Company ("State Farm") (individually, a "Party" or collectively, the "Parties") may designate as "CONFIDENTIAL" documents, materials and information containing trade secrets or other confidential research, development, financial, proprietary, or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(1)(G) (herein, collectively, "Confidential Materials"). Any such designated Confidential

Materials shall be deemed "CONFIDENTIAL" and subject to this Protective Order.

2. Whenever a Party designates documents, things, or other information as Confidential Materials, such materials must be stamped, marked, or otherwise designated "CONFIDENTIAL." Any electronically stored information may be designated as "CONFIDENTIAL" through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation.

3. No Party shall designate a document, material, thing, or other information as Confidential Materials unless such Party believes in good faith, after undertaking reasonable efforts to determine that the designated material is entitled to such protection. A designation of Confidential Materials constitutes a representation that same has been reviewed by counsel and that there is a good faith basis for such designation.

4. Each Party reserves the right to dispute the designation of Confidential Materials as "CONFIDENTIAL" by any other Party in accordance with this Protective Order. The Parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court. A Party believing that any materials have been improperly designated by another party as "CONFIDENTIAL" or improperly redacted based on alleged confidentiality shall

inform counsel for the Party making the designation, in writing. If the Parties are unable to resolve the matter informally, the Party objecting to the designation may then file an appropriate motion with the Court upon compliance with the Court's standing order and applicable local rules. Until and unless the Court may finally determine that such materials are not properly designated as "CONFIDENTIAL," the same shall be treated as "CONFIDENTIAL" in accordance with this Protective Order.

## Access to Confidential Materials

5. Access to Confidential Materials shall be limited to the Parties, including principals, agents, representatives, affiliates, and heirs, successors, assigns and related entities of the Parties, who are or are reasonably likely to be permitted access to Confidential Materials by virtue of their involvement in these proceedings; all legal counsel for the Parties, including their associates, paralegals, and administrative employees (collectively "Counsel"); proper Court personnel; the Parties' consultants or experts who are retained for the purposes of consulting or testifying in this litigation; and any other persons to whom the Court shall direct to have access to the Confidential Materials.

## Use of Confidential Materials

6. Every person, firm, or organization receiving Confidential Materials under this Protective Order shall (a) use the same only in the preparation for trial

and/or any appeal of this action, (b) not use the same for any business, commercial, or competitive purpose or for use in matters other than this lawsuit, including other matters involving State Farm, and (c) subject himself/herself/itself to the jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order.

7. Any Party wishing to use any Confidential Materials in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order. When information which is designated CONFIDENTIAL is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 5 are present during such presentation, quotation or reference. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

8. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Georgia Department of Insurance, other applicable state and federal laws; the records retention requirements of the Georgia

Department of Insurance, the Georgia Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, and reporting to the Insurance Services Office, Inc.

**Return or Destruction of Confidential Materials**

9. At the conclusion of these proceedings, all documents designated as "CONFIDENTIAL" and all copies thereof, shall be destroyed and written certification shall be made by counsel confirming the destruction, if requested by the opposite party to do so. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

SO ORDERED this 11 day of September, 2026.

s/Tilman E. Self, III
The Honorable Tilman E. Self, III
United States District Court, Middle District of Georgia

*Consented to by*:

***Counsel for Plaintiff***

*/s/ Robert S. Huestis*
Robert S. Huestis
Georgia Bar No. 374740
HUESTIS LAW, LLC
160 Tracy Street, Unit 2
Athens, Georgia 30601
706-716-8601
Rob@GaBusinessDisputes.com

*Consented to and submitted by*:

***Counsel for Defendant***

*/s/ Christina Hull*
Christina Hull
Georgia Bar No. 242539
Blake M. Simon
Georgia Bar No. 894927

ALSTON & BIRD LLP
1201 W. Peachtree St
Atlanta, GA 30309
Tel: 404-881-7760
Christy.Hull@alston.com
Blake.Simon@alston.com

Duke R. Groover
Georgia Bar No. 313225

James Bates Brannan Groover, LLP
231 Riverside Drive
Macon, GA 31201
Tel: 478-749-9931
Fax: 478-742-8720
Dgroover@jamesbatesllp.com